IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC, <br> as Broadcast Licensee of the May 2, 2015 <br> Floyd Mayweather, Jr. v. Manny Pacquiao <br> "The Fight of the Century" Championship Fight <br> Program, <br><br>     Plaintiff, <br><br> v. <br><br> 1) SIAM ENTERPRISES, LLC, individually, and <br> d/b/a PLUSH BAR & LOUNGE, and d/b/a SNAP <br> PLUSH BAR AND LOUNGE; <br> 2) TAMMY G. ADAMS, individually, and d/b/a <br> PLUSH BAR & LOUNGE, and d/b/a SNAP PLUSH <br> BAR AND LOUNGE; and <br> 3) ROJANA HANNAH, individually, and d/b/a <br> PLUSH BAR & LOUNGE, and d/b/a SNAP PLUSH <br> BAR AND LOUNGE, <br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:18-cv-00138 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff J&J Sports Productions, Inc., ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants 1) SIAM Enterprises, LLC, individually, and d/b/a Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge ("LLC"); 2) Tammy G. Adams, individually, and d/b/a Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge ("Adams"); and 3) Rojana Hannah, individually, and d/b/a Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge ("Hannah") (collectively "Defendants").

PARTIES

1.     <u>Plaintiff</u>. J&J Sports Productions, Inc., as Broadcast Licensee of the May 2, 2015 Floyd Mayweather, Jr. Manny Pacquiao "The Fight of the Century" Championship Fight

Program is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2. <u>Defendant LLC.</u> SIAM Enterprises, LLC is a Texas limited liability company doing business as Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge, (the "Establishment") from its principal place of business located at 1656 Shaftsbury, Clint, TX 79836. On the date of the Event (as defined herein), Defendant LLC:

   A. held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

   B. owned and/or operated the Establishment;

   C. had a right and ability to supervise the activities of the Establishment; and

   D. had an obvious and direct financial interest in the activities of the Establishment.

Defendant LLC may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Tammy G. Adams, 5505 Vancouver, El Paso, TX 79924.

3. <u>Defendant Adams.</u> Tammy G. Adams is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Adams:

   A. was an owner and/or manager of the Establishment;

   B. was an officer and/or owner of the entity owning the Establishment;

   C. had a right and ability to supervise the activities of the Establishment; and

   D. had an obvious and direct financial interest in the activities of the Establishment.

Defendant Adams may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Adams at 1656 Shaftsbury, Clint, TX 79836; or 5505 Vancouver, El Paso, TX 79924.

4. <u>Defendant Hannah.</u> Rojana Hannah is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Hannah:

    A.    pwas an owner and/or manager of the Establishment;

    B.    was an officer and/or owner of the entity owning the Establishment;

    C.    had a right and ability to supervise the activities of the Establishment; and

    D.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant Hannah may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Hannah at 4808 Dyer St., El Paso, TX 79930; or 5505 Vancouver, El Paso, TX 79924.

## STATEMENT OF JURISDICTION

5. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

## VENUE

6. Venue is proper in this District because Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF THE CLAIM

7. <u>Authorization to License Event.</u> Plaintiff is the license company exclusively authorized to sub-license the closed-circuit telecast of the May 2, 2015 Floyd Mayweather, Jr. Manny Pacquiao "The Fight of the Century" Championship Fight Program, including undercard or preliminary bouts,[1] (collectively the "Event")

---

[1] One of the bouts for the Event included the fight between Vasyl Lomachenko and Gamalier Rodriguez.

at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

8. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

9. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

10. <u>Exhibition of the Event</u>. The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

11. The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

12. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

13. On May 2, 2015, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication

of the Event. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

14.  Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

15.  Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

16.  The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

17.  Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## VIOLATION OF 47 U.S.C. § 553 OR § 605

18.  Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553, or Section 605.

## DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants 1) SIAM Enterprises, LLC, individually, and d/b/a Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge; 2) Tammy G. Adams, individually, and d/b/a Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge; and 3) Rojana Hannah, individually, and d/b/a Plush Bar & Lounge, and d/b/a Snap Plush Bar and Lounge, jointly and severally, for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Permanent Injunction enjoining any future exhibition of unauthorized or unlicensed programs and any violation of 47 U.S.C. §§ 553 or 605;

(f) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(g) Pre and post-judgment interest at the highest rate permitted by law; and

(h) Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ *[signature: David Diaz]*
David M. Diaz
State Bar No. 24012528
ddiaz@kbdtexas.com
Attorney-in-charge
Andrew R. Korn
State Bar No. 11683150
akorn@kbdtexas.com

THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy

ATTORNEYS FOR PLAINTIFF